UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DAVID BOYD,

                Plaintiff,

-against-

THE CITY OF NEW YORK, OFFICERS
VINCENZO DIMARTINO and JESSICA ALONSO,
(individually and in their official capacity),

                Defendants.
-----------------------------------------------------------X

Civil Action No.:

VERIFIED COMPLAINT AND JURY DEMAND

**CV 10- 4078**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 07 2010 ★
BROOKLYN OFFICE

VITALIANO, J.

CARTER, M.J.

Plaintiff, DAVID BOYD, by his attorneys, CHERNY & PODOLSKY, PLLC, complaining of THE CITY OF NEW YORK, OFFICERS VINCENZO DIMARTINO and JESSICA ALONSO (hereinafter "DIMARTINO" and "ALONSO", alleges:

## JURISDICTION

1.      This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

2.      Jurisdiction is founded upon 28 U.S.C. § 1331, and 28 U.S.C. §§ 1343 (a)(3) and (a)(4). The plaintiff further invokes the jurisdiction of the Court to adjudicate pendent state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is properly laid in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

4. At all times hereinafter mentioned, the plaintiff, DAVID BOYD, was and still is a resident of the City and State of New York and currently resides at 970 St. Marks Street, Brooklyn, NY 11233.

5. The defendant, THE CITY OF NEW YORK (hereinafter "THE CITY"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. In addition to the facts alleged in the following subparagraphs, the following defendants are all sued in their individual and official capacities and all acted within the scope of their employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or the city of New York.

    a. Defendant OFFICER VINCENZO DIMARTINO, at all times hereinafter mentioned, was a police officer employed by the defendant THE CITY.

    b. Defendant OFFICER JESSICA ALONSO, at all times hereinafter mentioned, was a police officer employed by the defendant THE CITY.

## NOTICE OF CLAIM

7. Plaintiff, in furtherance of the causes of action stated herein, filed a notice of claim against THE CITY in compliance with the General Municipal Law Section 50.

8. More than thirty (30) days have elapsed since service of said notice, and THE CITY has failed to pay or adjust the claim.

9. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

## STATEMENT OF THE CLAIM

10. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "9" of this complaint with the same force and effect as if fully set forth herein.

11. This action arises from the shameful, vicious, and cruel beating that the plaintiff, DAVID BOYD, endured at the hands of on-duty, uniformed New York City Police officers.

12. That on or about July 20, 2009, at approximately 11:30 A.M., plaintiff DAVID BOYD was lawfully on Georgia Street, between Newport Street and New Lot Street, in the County of Kings, City and State of New York.

13. That on or about July 20, 2009, at approximately 11:30 A.M.., plaintiff DAVID BOYD was sitting on the sidewalk on Georgia Street, between Newport Street and New Lot Street, in the County of Kings, City and State of New York.

14. That on or about July 20, 2009, at approximately 11:30 A.M.., he was assaulted physically by Police Officer VINCENZO DIMARTINO Shield#19954 of 75 Command and NYPD Police Officer JESSICA ALONSO, Shield#4478 (hereinafter the DEFENDANT OFFICERS).

15. The plaintiff was tackled and thrown to the ground with unnecessary and excessive force and violence.

16. The plaintiff was handcuffed, placed in a police vehicle and charged with criminal offences.

17. One of the Defendant Officers falsely arrested DAVID BOYD and held him in custody for approximately 36 hours.

18. As a result of the aforesaid actions of the Defendant Officers of the City of New York, the plaintiff suffered multiple head injuries with an open gash requiring stapling, injuries to his face, right hand, both knees, hips, back, and other body parts.

19. As a result of the aforesaid actions of the defendants Police Officers of the City of New York, Plaintiff DAVID BOYD was visibly in need of medical attention and was treated at Brookdale Hospital.

20. At all times herein mentioned, plaintiff DAVID BOYD was not committing nor had he committed any offense, nor did he give any indication of probable cause that he was committing or had committed any offense.

21. At all times herein mentioned, no acts of plaintiff DAVID BOYD gave the DEFENDANT OFFICERS any reasonable suspicion that the plaintiff was engaged in, or about to engage in, any criminal act.

22. At all times herein mentioned, plaintiff DAVID BOYD did not use any force against the DEFENDANT OFFICERS, nor did he give any indication or cause any of the DEFENDANT OFFICERS to believe that he would use force against them.

23. At all times herein mentioned, plaintiff DAVID BOYD did not give the DEFENDANT OFFICERS any reason to believe that they were in danger of any act of the plaintiff.

24. Plaintiff DAVID BOYD did not consent to any of the acts of the DEFENDANT OFFICERS.

25. That at no time was an arrest, bench, or search warrant ever issued to the plaintiff DAVID BOYD prior to the events described herein.

## FIRST CAUSE OF ACTION

### COUNT I

### 42 U.S.C. 1983 - CONSPIRACY

26. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "25" of this complaint with the same force and effect as if fully set forth herein.

27. The DEFENDANT OFFICERS DIMARTINO and ALONSO, under color of law, conspired with one another to deprive the plaintiff herein of his Constitutional rights, including the rights: to be free from the intentional use of unreasonable force; to be free from unreasonable searches and seizures; to associate and speak freely; to have access to and seek redress in the courts; and to be free from false arrest, false imprisonment, and the delay and denial of medical attention.

28. It was part of the conspiracy that the DEFENDANT OFFICERS did, among other acts, physically assault DAVID BOYD while his hands were handcuffed behind his back and while he was in police custody.

29. In furtherance of the conspiracy and in order to cover up the acts of brutality, the DEFENDANT OFFICERS engaged in the following:

a. Falsely arresting and imprisoning DAVID BOYD;

b. Fabricating and contriving criminal charges lodged against DAVID BOYD;

c. Although they were aware of the brutality, and were required to report it immediately, deliberately suppressing the truth;

d. Submitting false police reports and statements to support and corroborate the fabricated charges lodged against DAVID BOYD to insulate the DEFENDANT OFFICERS from administrative and criminal sanctions; and

e. Lying to authorities concerning the events described herein.

## COUNT II

### 42 U.S.C SECTION 1983 – UNREASONABLE AND EXCESSIVE FORCE

30. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "29" of this complaint with the same force and effect as if fully set forth herein.

31. By their conduct, the DEFENDANT OFFICERS, under color of law, deprived DAVID BOYD of his Constitutional right to be free from excessive and unreasonable force.

32. DAVID BOYD claims damages for the injuries set forth below.

## COUNT III

### 42 U.S.C. SECTION 1983 – FALSE ARREST AND IMPRISONMENT

33. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "32" of this complaint with the same force and effect as if fully set forth herein.

34. By their conduct and under color of law, the DEFENDANT OFFICERS, VINCENZO DIMARTINO and JESSICA ALONSO deprived DAVID BOYD of his Constitutional right to be free from false arrest and false imprisonment.

35. DAVID BOYD claims damages for the injuries set forth below.

## COUNT IV

### 42 U.S.C. SECTION 1983 – DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE TO PROTECT WHILE IN CUSTODY

36. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "35" of this complaint with the same force and effect as if fully set forth herein.

37. By their conduct and under color of law, the DEFENDANT OFFICERS, VINCENZO DIMARTINO and JESSICA ALONSO acted with malicious or at least deliberate indifference in failing to protect DAVID BOYD from violence while in police custody, and in failing to secure the medical attention required for his serious injuries, in a manner that deprived him of his Constitutional rights and perpetuated and exacerbated his physical and mental pain and suffering.

## COUNT V

### 42 U.S.C. SECTION 1983 – FAILURE TO INTERCEDE

38. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "37" of this complaint with the same force and effect as if fully set forth herein.

39. By their conduct and under color of state law, the DEFENDANT OFFICERS DIMARTINO and ALONSO each had opportunities to intercede on behalf of

DAVID BOYD to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

40. As a direct and proximate result, DAVID BOYD suffered the injuries and damages set forth below.

## COUNT VI

### 42 U.S.C. SECTION 1983 – FIRST AND FOURTEENTH AMENDMENT VIOLATIONS

41. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "40" of this complaint with the same force and effect as if fully set forth herein.

42. By their conduct and under color of law the DEFENDANT OFFICERS, DIMARTINO and ALONSO deprived DAVID BOYD of his First and Fourteenth Amendment rights to have access to and seek redress in the courts and not to be deprived of liberty without due process of law.

43. The aforementioned defendants engaged in a cover-up in order to conceal the wrongful and unlawful actions taken against DAVID BOYD.

44. The efforts of the defendants to conceal the truth continue to the detriment of DAVID BOYD.

45. As a direct and proximate result, DAVID BOYD suffered the injuries and damages described below.

## COUNT VII

### 42 U.S.C. SECTION 1985(3) – CONSPIRACY TO HINDER PROVISION OF EQUAL PROTECTION

46. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "45" of this complaint with the same force and effect as if fully set forth herein.

47. The DEFENDANT OFFICERS DIMARTINO and ALONSO, conspired with each other for the purpose of hindering and preventing the constituted authorities of the State of New York from securing and providing to DAVID BOYD equal protection under the law.

48. In furtherance of the conspiracy and to conceal the crimes and misconduct of the defendants, the DEFENDANT OFFICERS DIMARTINO and ALONSO, engaged in a cover-up.

49. Among the actions taken in furtherance was a wholesale abdication of police officers' legal duty to report incriminating evidence to proper authorities and attempts to discourage the plaintiff herein from pursuing the instant action and from filing any criminal charges. The DEFENDANT OFFICERS attempted to intimidate the plaintiff through the exercise of brute force.

50. As a direct and proximate result of the conduct of the defendants, DAVID BOYD suffered the injuries and damages described below.

## COUNT VIII

### 42 U.S.C. 1985(2) – CONSPIRACY TO IMPEDE DUE COURSE OF JUSTICE

51. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "50" of this complaint with the same force and effect as if fully set forth herein.

52. The DEFENDANT OFFICERS DIMARTINO and ALONSO conspired to impede the due course of justice in New York State, with the intent of denying DAVID BOYD the equal protection of the laws.

53. As a proximate and direct result of the conduct of the defendants, DAVID BOYD suffered the injuries and damages described below.

## COUNT IX

## PENDENT CLAIM OF NEGLIGENCE

54. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "53" of this complaint with the same force and effect as if fully set forth herein.

55. The defendant, THE CITY, has been negligent in its supervision, training and monitoring of its representatives who consult with and counsel police officers who are suspected of crimes and misconduct, and police officers who are witnesses to crimes and misconduct by their fellow officers. Said defendant has been negligent in its training and supervision of the DEFENDANT OFFICERS.

56. By virtue of the unique public safety considerations implicated by police violence, its pivotal role in the official investigation of police misconduct, and its express undertakings in its collective bargaining agreement with THE CITY, the PBA has a duty to make sure their members and their agents, who are also police officers, do not violate their duties as police officers to report crimes and misconduct of fellow officers, and THE CITY and the NYPD have a duty to make sure that all of the police officers report crimes and misconduct of which they become aware.

57. THE CITY has been negligent in the instruction and training it provides to police officers with respect to both refraining from violating the rights of civilians and reporting crimes or misconduct by other police officers of which they become aware.

58. THE CITY has been on notice for many years that their representatives have played a major role in the improper obstruction of criminal investigations of New York City police officers.

59. THE CITY knew or should have known that its policies and practices have contributed to improper concealment of admissions by police officers to PBA representatives and a "code of silence" being followed by police officers, who are also PBA members, to cover up crimes and misconduct.

60. THE CITY knew or should have known that its policies and practices, as well as its negligent supervision and training of PBA representatives, created an atmosphere in which the most violent police officers felt assured that their most brazen acts of misconduct would not be swiftly and effectively investigated and prosecuted, and thus an atmosphere that condoned and therefore caused violations of the rights of civilians.

61. The beating and violations of the rights of DAVID BOYD, as previously set forth, and the subsequent cover up of those events, were reasonably foreseeable results of the negligent conduct of THE CITY.

## COUNT X

### PENDENT CLAIM OF ASSAULT AND BATTERY

62.  The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "61" of this complaint with the same force and effect as if fully set forth herein.

63.  By their actions, as set forth above, the DEFENDANT OFFICERS committed savage acts of assault and battery against DAVID BOYD, which included threatening to physically harm said plaintiff and physically assaulting DAVID BOYD. This use of physical force against DAVID BOYD was unnecessary and excessive.

64.  THE CITY is responsible for the threats and excessive and unnecessary physical force used by the DEFENDANT OFFICERS because the misconduct occurred when they were acting within the scope of their employment, specifically in the course of arresting DAVID BOYD.

65.  As a result of the aforementioned threats and the use of unnecessary and excessive force, DAVID BOYD suffered the damages listed below.

## COUNT XI

### PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT

66.  The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "65" of this complaint with the same force and effect as if fully set forth herein.

67.  The plaintiff, DAVID BOYD, was wrongfully, unlawfully, and unjustifiably charged, arrested, detained and deprived of his liberty against his will, and was imprisoned by the DEFENDANT OFFICERS DIMARTINO and ALONSO.

76. As the DEFENDANT OFFICERS cruelly beat DAVID BOYD, the DEFENDANT OFFICERS embarked on a malicious, willful, and grossly negligent course of conduct that was intended to and did cause DAVID BOYD to suffer extreme mental and emotional distress, agony, and anxiety.

77. The DEFENDANT OFFICERS knew or should have known that such outrageous acts would cause DAVID BOYD to suffer extreme mental and emotional distress and anguish. Such emotional distress and anguish was a foreseeable result of the conduct of the DEFENDANT OFFICERS.

78. The defendants, THE CITY, DIMARTINO and ALONSO, knew or should have known of the existence of the atmosphere of permissive brutality created by the policies fostered by the aforementioned defendants, such as the "code of silence", and that such atmosphere would cause such acts of brutality to be carried out against other citizens, such as the plaintiff herein. The emotional distress and anguish was a foreseeable result of the atmosphere of permissive brutality knowingly maintained by the aforementioned defendant.

79. The aforementioned unprovoked, unjustified, violent and prejudiced acts of uniformed members of the NYPD constitute intentional, reckless and negligent infliction of emotional and mental distress that exceeds all bounds tolerable by a civilized society.

## COUNT XIII

## PENDENT CLAIM – PRIMA FACIE TORT

80. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragraphs numbered "1" through "79" of this complaint with the same force and effect as if fully set forth herein.

81. By their actions, as set forth above, the DEFENDANT OFFICERS inflicted harm upon DAVID BOYD, without excuse or justification, out of disinterested malevolence.

## COUNT XIV

## PENDENT CLAIM – RESPONDEAT SUPERIOR

82. The plaintiff, DAVID BOYD, repeats and realleges each and every allegation in paragrahs numbered "1" through "81" of this complaint with the same force and effect as if fully set forth herein.

83. At all relevant times, the DEFENDANT OFFICERS are the employees of THE CITY and were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

84. Consequently, THE CITY is liable under the doctrine of respondeat superior for their tortious actions.

## DAMAGES

85. As a direct and proximate result of the said acts of the defendants, DAVID BOYD suffered the following injuries and damages;

a. Violation of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America;

b. Loss of physical liberty,

c. Enduring and lasting physical injuries, pain and suffering, extreme fear, emotional trauma, requiring the expenditure of money for treatment;

d. Humiliation and embarrassment.

The physical, psychological, and economic consequences of the actions of the defendants continue to this date and upon information and belief, will continue into the future.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment:

1. Awarding compensatory damages in an amount to be determined at trial;

2. Awarding punitive damages in an amount to be determined at trial;

3. Awarding disbursements, costs, and attorney's fees; and

4. Granting such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Brooklyn, New York
September 2, 2010

Respectfully submitted,
CHERNY & PODOLSKY, PLLC
8778 Bay Parkway, Suite 202
Brooklyn, NY 11214
Our File No.: 5443-2009

By: _____
Steven V. Podolsky, Esq. (3770)

## VERIFICATION

STATE OF NEW YORK }
COUNTY OF KINGS  } SS.:

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 07 2010 ★
BROOKLYN OFFICE

*David Boyd*, being duly sworn, deposes and says:

I am the plaintiff in the within action. I have read the foregoing *Summons & Complaint* and know the contents thereof.

The same is true to my own knowledge, except as to the matters therein stated to be upon information and belief, and as to those matters, I believe it to be true.

Dated:   Brooklyn, New York
         September 2, 2010

x _David Boyd_
Client's Name:

Sworn to before me this
2 day of September, 10

_____
Notary Public
LARISSA BUTKEVICH
Notary Public, State of New York
No. 01806070433
Qualified in Kings County
Commission Expires 3/4/2014